UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KIDROY BAILEY,

Petitioner,

-v-

PHILIP RHONEY, *in his official capacity as Acting Director, Buffalo Field Office, United States Immigration and Customs Enforcement*; MARKWAYNE MULLIN, *in his official capacity as Secretary of the United States Department of Homeland Security*; and TODD BLANCHE, *in his official capacity as Attorney General of the United States*,

Respondents.

---

26-CV-1931-RCW
DECISION & ORDER

Kidroy Bailey, a Jamaican national subject to a final order of removal, petitions a second time for a writ of habeas corpus under 28 U.S.C. § 2241. He seeks immediate release from immigration custody or, alternatively, a bond hearing. Respondents Philip Rhoney, the Acting Director of the Buffalo Field Office of United States Immigration and Customs Enforcement ("ICE"), Markwayne Mullin, the Secretary of the United States Department of Homeland

Security, and Todd Blanche, the Attorney General of the United States, (collectively "the Government") move to dismiss.

For the reasons below, the Court GRANTS the Government's motion and DISMISSES the petition without prejudice.

**BACKGROUND**

With regard to the facts and procedural matters leading up to this decision, the Court refers to its prior opinion. *Bailey v. Marich*, No. 26-cv-250, 2026 WL 1703737 (W.D.N.Y. June 12, 2026). Bailey filed an initial habeas petition on February 10, 2026, about two months after his arrest. Pet. ¶ 55. This Court denied the petition without prejudice, finding that Bailey had not met his burden to show "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," especially considering that any delay resulted from his own actions. *Bailey*, 2026 WL 1703737, at *2–3 (quoting *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001)). Assuming without deciding that due process may require a bond hearing in some § 1231 cases, this Court also applied the three-factor framework of *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), and found that Bailey was not entitled to a bond hearing. *Bailey*, 2026 WL 1703737 at *3.

On September 7, 2026, Bailey filed this second habeas petition, which is largely identical to his first petition save for the length of time Bailey has been detained. ECF No. 1. As of the date of this decision, Bailey has been in ICE custody for roughly ten months.

## STANDARD OF REVIEW

A motion to dismiss a habeas petition, like any other motion to dismiss a civil complaint, is governed by Federal Rule of Civil Procedure 12(b)(6).[1] *Williams v. DHS/ICE/Immigr. Ct.*, No. 22-CV-6539, 2023 WL 3585849, at *1 (W.D.N.Y. May 22, 2023). Rule 12(b)(6) allows a party to move for dismissal of an action for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[1] The Government also moves to dismiss under Rule 12(b)(1), citing the REAL ID Act's channeling provisions, which vest exclusive review of removal orders in the courts of appeals. *See* 8 U.S.C. § 1252(a)(5), (b)(9). Those provisions do not reach Bailey's claims, however, as he challenges only the lawfulness and duration of his detention, not the removal order itself. *See Jennings v. Rodriguez*, 583 U.S. 281, 294–95 (2018) (holding that § 1252(b)(9) does not bar claims by detainees who "are not asking for review of an order of removal"). Once again, the Court rejects the Government's jurisdictional objection and addresses Bailey's detention claims on the merits.

## DISCUSSION

Bailey seeks release from custody or, in the alternative, a bond hearing. His challenge to his immigration detention falls within this Court's habeas jurisdiction under 28 U.S.C. § 2241. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

As before, § 1231 governs Bailey's detention because he is subject to a final order of removal. *See* 8 C.F.R. § 1241.1(f) (an alternate order of removal issued with a grant of voluntary departure becomes final "upon overstay of the voluntary departure period"). Under § 1231, detention is mandatory during the 90-day removal period after an order of removal becomes final. 8 U.S.C. § 1231(a)(2). After that period, detention becomes discretionary: certain noncitizens "may be detained beyond the removal period." *Id.* § 1231(a)(6). But § 1231 does not authorize indefinite detention. *Zadvydas*, 533 U.S. at 689. Under *Zadvydas*, detention is presumptively reasonable for six months; after that, the noncitizen must provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," and the Government "must [then]…rebut that showing." *Id.* at 701.

### I. Bailey Is Not Entitled to Release

Bailey is not entitled to release. Even though Bailey has been detained for roughly ten months and the six-month *Zadvydas* presumption has thus run, he still has not met his burden to show "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

The second petition is largely identical to the first and likewise identifies no concrete obstacle to removal. As before, it does not allege that Jamaica has refused to accept Bailey, that travel documents are unavailable, or that the Government has otherwise been unable to arrange removal. Indeed, the pleaded facts point the other way: ICE transferred Bailey to Louisiana to execute his removal in January 2026, and removal was halted only after Bailey obtained a stay from the Board of Immigration Appeals ("BIA") tied to his VAWA-based motion to reopen. *See* Pet. ¶¶ 53–54.

That stay alone does not make removal unlikely in the reasonably foreseeable future. Bailey is free to pursue reopening and VAWA-related relief, but a discrete administrative stay pending his own motion to reopen is not the kind of indeterminate obstacle that *Zadvydas* addresses. *See Guangzu Zheng v. Decker*, 618 F. App'x 26, 28 (2d Cir. 2015) (summary order) (rejecting *Zadvydas* claim where travel documents existed and removal was delayed by stays the

petitioner had sought); *Abimbola v. Ridge*, 181 F. App'x 97, 99 (2d Cir. 2006) (summary order) (rejecting *Zadvydas* claim where delay resulted from petitioner's seeking stays, reconsideration, and appeals). *Zadvydas* itself involved country-specific barriers to removal: Germany and Lithuania refused to accept the petitioner, and the Government's effort to remove him to a third country also failed. *See* 533 U.S. at 684. Detention in those circumstances threatened the "indefinite, perhaps permanent, deprivation of human liberty" that troubled the Court. *Id.* at 692. Bailey's removal, by contrast, was already underway, and it remains suspended only while the BIA considers his request to reopen. Accordingly, he has not shown that removal is unlikely in the reasonably foreseeable future just because a few more months have passed.

## II. Bailey Is Not Entitled to a Bond Hearing

Bailey's alternative request for a bond hearing also fails. He again relies on *Black*, but *Black* addressed pre-final-order detention under § 1226, not the post-final-order detention under § 1231 at issue here. *See Black v. Decker*, 103 F.4th 133, 154–60 (2d Cir. 2024). In *Arteaga-Martinez*, the Supreme Court held that § 1231 does not itself require a bond hearing after six months of detention, leaving open whether due process might require one in an appropriate case. *Johnson v. Arteaga-*

*Martinez*, 596 U.S. 573, 576, 583 (2022). To date, the Second Circuit has not ruled on whether due process requires a bond hearing for detention under § 1231.

Assuming without deciding that due process may require a bond hearing in some § 1231 cases—and that the three-factor framework of *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), would govern that question, *see Black*, 103 F.4th at 145–48 (applying *Mathews*'s three-factor test in the § 1226 context)—Bailey has not shown that one is required here. His liberty interest may be stronger because he has been detained for a longer period of time: about nine months when he filed this petition, and roughly ten months now. But contrary to Bailey's assertion, the other factors remain unchanged. The risk of erroneous deprivation is still low, because Bailey's detention does not rest on an untested or stale custody determination; it rests on a final order of removal that ICE stands ready to execute the moment the stay dissolves. *See* Pet. ¶¶ 51, 53–54. And the Government's interest in maintaining custody of a noncitizen whose removal it has already staged—ICE transferred Bailey to Louisiana for a January 2026 removal—remains at its strongest. *Id.*

Decisions from district courts in this Circuit ordering bond hearings under § 1231 confirm the point, because they usually involve detention that had become practically indeterminate. *See, e.g.*, *Lu v. Genalo*, 817 F. Supp. 3d 176, 180–81

(S.D.N.Y. 2025) (ordering a bond hearing under *Mathews* for a petitioner detained after decades of compliance with supervision, where the Government could not say when, or whether, travel documents would issue). Although Bailey has spent more time in custody since filing his first habeas petition, he still pleads nothing of the kind here: ICE has already attempted removal, and nothing suggests that Jamaica will not accept Bailey or that travel documents are unavailable. Accordingly, Bailey has not shown that his detention has become so prolonged or indeterminate that due process requires a bond hearing.[2]

## III. The Dismissal Is Without Prejudice

Of course, Bailey's detention may not continue indefinitely. *Zadvydas*, 533 U.S. at 689. Should circumstances change such that removal can no longer be expected in the reasonably foreseeable future, continued detention may become unreasonable. The dismissal is therefore without prejudice.

[2] Finally, Bailey also raises a claim under the Administrative Procedure Act ("APA"), arguing that ICE revoked his release without the individualized custody determination required by 8 U.S.C. § 1226 and its implementing regulations. *See* Pet. ¶¶ 70–92; 5 U.S.C. § 706(2)(A). The claim rests on a mistaken premise: Because Bailey is subject to a final order of removal, his detention is governed by § 1231, not § 1226. In any event, the APA authorizes review only where "there is no other adequate remedy in a court," 5 U.S.C. § 704, and habeas supplies an adequate remedy for precisely the relief Bailey seeks—release or a bond hearing. His APA claim therefore fails.

## CONCLUSION

The Government's motion to dismiss is GRANTED, and the petition for a writ of habeas corpus is DISMISSED without prejudice. The Clerk of Court shall enter judgment and close this case.

SO ORDERED.

Dated: October 22, 2026



Hon. Richard C. Wesley
Senior Circuit Judge of the U.S. Court of Appeals for the Second Circuit, sitting by designation